IMPERIAL DISTRIBUTORS, INC., et al., Plaintiffs-Appellants,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 79–1361.

United States Court of Appeals, First Circuit.

Argued Nov. 9, 1979.

Decided March 21, 1980.

Herald Price Fahringer, Buffalo, N. Y., with whom Paul J. Cambria, Jr., Barbara Davies Eberl, Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y., William E. Seekford, Towson, Md., and Nelson Baker, Boston, Mass., were on brief, for appellants.

Charles E. Chase, Asst. U. S. Atty., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellees.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, WYZANSKI,* Senior District Judge.

BOWNES, Circuit Judge.

Petitioners-appellants [1] challenge the denial of their preindictment motion for the return and/or suppression, pursuant to Fed. R.Crim.P. 41(e), of business records, films, and magazines seized under authority of a warrant by federal agents from a truck owned by petitioner Guarino on February 28, 1978. The motion is predicated upon petitioners' contention that the underlying affidavit failed to establish a nexus between the materials sought and the van seized; that much of the supporting information was stale; that the magistrate, using a bifurcated approach, improperly found that there was probable cause; that the warrant contained numerous facial defects; and that there was no preseizure judicial determination of obscenity.

---

* Of the District of Massachusetts, sitting by designation.

1. Petitioners in this action are six Rhode Island corporations: Imperial Distributors, Inc.; Little Book Shops, Inc., Palace Book Shop, Inc. d/b/a Palace Theater; K.I.M. Realty, Inc.; Gemini Enterprises, Inc.; Eagle Publications, Ltd.; and Kenneth Guarino, an officer of Imperial.

The procedural travel of this case began shortly after the seizure with the filing of a motion for return of property under Rule 41(e) in the United States District Court for the District of Rhode Island. At the conclusion of a two-day trial, Judge Pettine denied the motion because it was within the purview of the Massachusetts District Court, and stayed the action "pending the decision of the Massachusetts District Court." We denied appellants' petition for a writ of mandamus to order Judge Pettine to dissolve his abstention order and to enter a judgment on the merits (No. 78–1559, January 4, 1979); and the Supreme Court of the United States denied a petition for writ of certiorari, 441 U.S. 927, 99 S.Ct. 2042, 60 L.Ed.2d 402 (1979). Petitioners next filed a motion for the return of their property with the United States District Court for the District of Massachusetts. In its opinion reported at 473 F.Supp. 294 (D.Mass.1979), the district court ruled that the three magazines named in the warrant were obscene; that the bifurcated search and seizure was a "reasonable response to the problem" of establishing probable cause that wholesalers and distributors were engaging in the illegal interstate shipping of obscene materials; denied the motion for return of property seized within the District of Rhode Island on jurisdictional grounds; and denied the motion concerning property seized in Boston "because the seizure violated no constitutional rights of the plaintiffs." *Id.* at 298. Appeal to this court ensued.

Appellee contends that the order appealed from is interlocutory and not a final order subject to appellate review under 28 U.S.C. § 1291.[2] Petitioners argue that it is a final order and further assert that appellee should be estopped from raising its jurisdictional objections because it did not move "to dismiss the appeal upon service of the notice"; because "the United States Attorney engaged in negotiations with defense counsel regarding the contents of the appendix"; and because appellants "ex-

pended great effort, time and expense in perfecting the appeal."

The question of appellate jurisdiction cannot be decided on the grounds of estoppel. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951). Should we conclude that the order is interlocutory, we must dismiss the appeal; the question of a court's jurisdiction may be raised at any time by the parties or *sua sponte* by the court. *Compagnie Nationale Air France v. Castano*, 358 F.2d 203, 206 (1st Cir. 1966).

Appellate courts cannot review interlocutory decisions, absent specific congressional authorization, because to do so would encourage "piecemeal disposition on appeal of what for practical purposes is a single controversy . . . ." *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). The "finality doctrine," codified in 28 U.S.C. § 1291, proscribes "appeal from any decision which is tentative, informal or incomplete." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

In *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), the Supreme Court directly addressed the question of whether the denial of a preindictment Rule 41(e) motion for the return and suppression of illegally seized property was appealable. It held:

We hold, accordingly, that the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability. Presentations before a United States Commissioner, *Go-Bart Co. v. United States*, 282 U.S. 344, 352–354 [51 S.Ct. 153, 156–157, 75 L.Ed. 374], as well as before a grand jury, *Cobbledick v. United States*, 309 U.S. 323, 327 [60 S.Ct. 540, 84 L.Ed. 783], are parts of the federal prosecutorial system leading to a criminal trial. Orders granting or denying

---

**2.** 28 U.S.C. § 1291 provides: "The courts of appeal shall have jurisdiction of appeals from all final decisions of the district courts." None

of the provisions for appealability of interlocutory decisions specified in 28 U.S.C. § 1292 pertain here.

suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." *Cogen v. United States*, 278 U.S. 221, 227 [49 S.Ct. 118, 73 L.Ed. 275]. Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent.

*Id.* at 131–32, 82 S.Ct. at 660.

In *Shea v. Gabriel*, 520 F.2d 879, 881–82 (1st Cir. 1975), we grappled with, but found unnecessary to resolve, the two questions inherent in the last sentence of the *DiBella* holding. "What does 'solely' mean in this context? When is a criminal prosecution *in esse*?" In discussing the first question, we pointed out that some courts have held that a motion is not "solely for return of property" when it also seeks suppression, while others have allowed an appeal from that part of the order denying return of the property. We observed that splitting a 41(e) motion into two parts for a *DiBella* analysis exalted form over substance. *Id.* at 82, n. 6.

■ The words of Fed.R.Crim.P. 41(e) effectively eliminate any distinction between a motion for return of property and a motion to suppress. The rule provides:

(e) *Motion for Return of Property.* A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Under the rule, if the property is restored, "it shall not be admissible in evidence at any hearing or trial." And a motion for return of the property is to be treated as one to suppress after an information or an indictment is filed. Appealability cannot turn on the title of the motion since the rule gives the same effect to both and merges a motion for return of property into one for suppression after indictment.

Appellants, here, entitled their motion, "Motion For Return Of Property And Entry Of Appropriate Writs To Effectuate The Relief Requested Herein." No mention is made in the twenty-eight page motion of Fed.R.Crim.P. 41(e), but the separate notice of motion filed in the district court states, "a motion will be made pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a return of property and other further appropriate relief." And in their reply brief, appellants state, "plaintiffs-appellants moved in the U.S. District Court for the District of Massachusetts pursuant to Federal Rule of Criminal Procedure 41(e) for 'return of property and entry of appropriate writs to effectuate the relief requested. . . .'" The relief requested was to order "the searches and seizures of those warrants herein to be illegal and quashed, the evidence derived thereby suppressed, and order the return of the same. . . ." There can be no doubt that, regardless of its caption, this was a motion under Fed.R. Crim.P. 41(e).

■ After a review of what transpired and an examination of appellants' motions and briefs, we conclude that the primary purpose of the motion was suppression, not return of the materials seized. Three copies of nine magazines and two copies of five films out of a total of thirty-eight cartons of magazines and films were seized. Original business records were also taken, but the government offered to make copies available to appellants. To date, appellants

have not responded to this offer. Significantly, appellants have not argued that they need the property seized and that irreparable harm will result from failure to return it. *See Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15, 17 (7th Cir. 1978) (motion solely for return of property). Even were we to follow those courts that split a motion for return and suppression into two parts, we could not do so here because this is solely a motion to suppress. What appellants seek is to prevent the grand jury that is investigating them and their activities from considering the materials seized and to bar their use as evidence in any subsequent trial. Since the motion here primarily seeks the suppression of evidence, it does not satisfy the "solely for return" requirement of *DiBella*. *See Application of United States*, 427 F.2d 1140, 1141 (5th Cir. 1970).

We recognize, however, that *DiBella* is not on all fours with this case. In *DiBella*, there was arrest, arraignment and indictment; here, we have a grand jury investigation that has extended from March 30, 1978, to the present without any indictment. *DiBella* holds that a suppression motion is to be treated as a step in the criminal process preliminary to the trial, "[w]hen at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment . . . ." 369 U.S. at 131, 82 S.Ct. at 660. None of this has taken place here. We think, however, that where the motion is primarily for suppression of potential evidence and where the person affected is the subject of an ongoing grand jury investigation that the "finality doctrine" of 28 U.S.C. § 1291 and the teachings of *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, and *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, preclude appeal at this juncture.

We have been unable to find any cases holding that the denial of a suppression motion was appealable where there was an ongoing grand jury proceeding. In a case analogous to this, *Church of Scientology of California v. United States*, 591 F.2d 533 (9th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 729, 62 L.Ed.2d 729, (1980), the Court held that such a motion was not appealable. After reviewing the pertinent cases, it noted, "[t]he principle that runs through all of these authorities is that an ongoing criminal proceeding is not to be interrupted by an appeal from an order denying suppression of evidence that may be used in that proceeding." *Id.* at 536. The Fifth Circuit in *United States v. Glassman*, 533 F.2d 262 (5th Cir. 1976), held:

> This motion, made pursuant to Fed.R. Crim.P. 41(e), was made prior to appellant's indictment, but "the mere circumstance of a preindictment motion" does not make the order final and appealable. *DiBella v. United States*, 369 U.S. 121, 131, 82 S.Ct. 654, 660, 7 L.Ed.2d 614, 621 (1962). Only if this motion was a collateral attempt to retrieve property and not an effort to suppress evidence in related criminal proceedings is it appealable.

*Id.* at 263. *See also Simons v. United States*, 592 F.2d 251, 252 (5th Cir. 1979).

This case does not fall within the limited class "where denial of immediate review would render impossible any review whatsoever of an individual's claims . . . ." *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). If there is an indictment and conviction, the constitutionality of the search and seizure will be reviewed. If there is no indictment and the property is not returned, appellants can then move for its return.

*Appeal dismissed for lack of jurisdiction.*