**STANDARD DRYWALL, INC.,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 413, Docket 81–2261.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 17, 1981.

Decided Jan. 5, 1982.

Certiorari Denied April 19, 1982.
See 102 S.Ct. 1973.

Gerald L. Shargel, New York City (Judd Burstein, Law Clerk, New York City, on the brief), for plaintiff-appellant.

Laura A. Brevetti, Sp. Atty., Brooklyn, N.Y. (Edward R. Korman, U.S. Atty., Thomas P. Puccio, Brooklyn, N.Y., on the brief), for defendant-appellee.

Before TIMBERS, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

NEWMAN, Circuit Judge:

This is an appeal from the denial of a motion under Rule 41(e) of the Federal Rules of Criminal Procedure, seeking return of property seized pursuant to a search warrant. Since we conclude that the order denying the motion is not appealable, we dismiss the appeal for lack of appellate jurisdiction.

On May 28, 1981, federal agents executed a warrant to search the offices of Standard Drywall, Inc. and seized various books and records for presentation to a grand jury that is investigating criminal violations allegedly committed by Standard Drywall and other companies in the construction industry in the New York metropolitan area. In support of the search warrant, a federal agent had submitted to the magistrate a detailed affidavit; upon the Government's request, the magistrate sealed the affidavit until further order of the court. On June 16, 1981, Standard Drywall filed a motion under Rule 41(e) for the return of all of its property seized pursuant to the search warrant, and also moved for disclosure of the affidavit supporting the warrant. The District Court for the Eastern District of New York (Henry Bramwell, Judge) denied Standard Drywall's Rule 41(e) motion.[1] Relying on *In re Grand Jury Proceedings Involving Berkley & Co.*, 466 F.Supp. 863, 866 (D.Minn.1979), the Court held that Standard Drywall had failed to demonstrate that it would suffer irreparable harm if the documents seized were not returned;[2] therefore, the Court stated, it need not balance any violation of Standard Drywall's Fourth Amendment rights against the need of the grand jury to consider all relevant evidence. In the absence of irreparable harm, the District Court has postponed consideration of the merits of appellant's Fourth Amendment claim until such time as the initiation of a criminal proceeding necessitates such consideration in connection with a motion to suppress, brought under Rule 12(b)(3); *see also* Rule 41(f). Standard Drywall appeals the denial of its motion.[3]

In *DiBella v. United States*, 369 U.S. 121, 131–32 (1962), the Supreme Court ruled

---

1. At a hearing, Judge Bramwell rejected Standard Drywall's request for disclosure of the sealed affidavit and reserved decision on the Rule 41(e) motion. The ensuing opinion therefore dealt only with the latter issue.

2. The Government offered to provide to Standard Drywall copies of all of the documents seized from its offices. The District Court stated that this offer undermined Standard Drywall's contention that it could not conduct business without these documents and refuted any claim of irreparable harm. We seriously question whether, in the absence of seizure of some unique property or privileged documents, a party could ever demonstrate irreparable harm when the Government either provides the party with copies of the items seized or returns the originals to the party and presents the copies to the jury.

3. As docketed in this Court, the appeal bears the caption "The Offices of Standard Drywall, Inc. Located within the Ground Floor and Basement of a One Story Brick Building Known as 2202 Avenue X, Brooklyn, New York v. United States of America." That unwieldly designation derives from the caption of the search warrant. When Standard Drywall, Inc. filed its Rule 41(e) motion, no criminal case was pending. In such circumstances, the only proceeding in the District Court is the request of Standard Drywall, Inc. for relief from the United States, and the proceeding, both in the District Court and on appeal, should be captioned "Standard Drywall, Inc. v. United States of America." *See, e.g., Imperial Distributors, Inc. v. United States*, 617 F.2d 892 (1st Cir.), *cert. denied*, 449 U.S. 891 (1980). Prior to *DiBella v. United States*, 369 U.S. 121 (1962), we viewed such proceedings as independent actions from which an appeal could be taken, *see Grant v. United States*, 282 F.2d 165, 168 (2d Cir. 1960). Of course, the caption does not determine whether the District Court's order is final for purposes of 28 U.S.C. § 1291 (1976); that determination, as we point out, *infra*, turns on a realistic application of the principles set forth in *DiBella*.

that the denial of a preindictment motion under Rule 41(e) is appealable "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." The Circuits have divided on the proper interpretation of *DiBella* in situations like the one before us where the movant seeking return of seized property has been neither indicted, arrested, nor otherwise had criminal proceedings formally instituted against him. Some courts have allowed appeals, usually emphasizing the absence of a pending criminal case. *United States v. One Residence & Attached Garage*, 603 F.2d 1231 (7th Cir. 1979); *United States v. Alexander*, 428 F.2d 1169 (8th Cir. 1970); *Coury v. United States*, 426 F.2d 1354 (6th Cir. 1970); *Gottone v. United States*, 345 F.2d 165 (10th Cir.), *cert. denied*, 382 U.S. 901 (1965). Other courts, however, have declined appellate jurisdiction, usually emphasizing that the pendency of grand jury or other investigative proceedings indicated that the motion was not solely for the return of property. *Imperial Distributors, Inc. v. United States*, 617 F.2d 892 (1st Cir.), *cert. denied*, 449 U.S. 891 (1980); *In re Grand Jury Proceedings*, 604 F.2d 806 (3d Cir. 1979) (*per curiam*); *Simons v. United States*, 592 F.2d 251 (5th Cir.) (*per curiam*), *cert. denied*, 444 U.S. 835 (1979); *Church of Scientology v. United States*, 591 F.2d 533 (9th Cir. 1979), *cert. denied*, 444 U.S. 1043 (1980); *see United States v. One Residence & Attached Garage, supra*, 603 F.2d at 1237–40 (Wood, J., dissenting).

The disagreement among the cases may stem in part from the fact that, by the explicit terms of Rule 41(e), if a motion for return of property is granted, the property "shall not be admissible in evidence at any hearing or trial." A movant can omit any reference to "suppression" in his motion for return of property, as this appellant has done, and claim to satisfy the *DiBella* test of appealability, secure in the knowledge that the granting of his motion for return of property automatically results in suppression. The cases allowing appeal seem to assume that when a criminal proceeding is not formally in existence, a Rule 41(e) motion can be considered to be "solely" for the return of property, within the meaning of *DiBella*. The cases dismissing appeals have paid more heed, sometimes explicitly, *Imperial Distributors, Inc. v. United States, supra*, 617 F.2d at 895, to the automatic consequence of granting a Rule 41(e) motion and have focused on the reality of whether the purpose of the motion, however styled, is to keep seized evidence from a grand jury or other investigative agency.

We think the cases that have dismissed appeals by those under investigation, even in the absence of a pending criminal prosecution, have correctly applied the principles of *DiBella*. Where, as here, the party moving for return of seized property is the subject of a grand jury inquiry,[4] allowance of an appeal from denial of the motion would interfere with the grand jury proceedings, *see United States v. Calandra*, 414 U.S. 338, 349–50 (1974), and permit piecemeal appeals, *see Cobbledick v. United States*, 309 U.S. 323, 325 (1940). Plainly this is not a case, of the sort contemplated in *United States v. Ryan*, 402 U.S. 530, 533 (1971), where denial of review "would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." The term of the grand jury is limited. If its inquiry results in indictment, the lawfulness of the seizure will be fully considered upon a motion to suppress, and any ruling adverse to the defendant will be reviewable upon appeal from a final judgment; if the grand jury declines to indict the movant, or adjourns without indicting it, its property will most likely be returned, and if not, it can initiate an independent proceeding for its return. *Cf. Dickhart v. United States*, 16 F.2d 345 (D.C. Cir.1926) (motion for return of seized property after search warrant quashed and de-

---

4. Appellant does not dispute that it is a subject of the grand jury investigation, and we have independently satisfied ourselves on that score by inspecting the sealed affidavit.

fendant discharged).[5] Under *DiBella* a prompt appeal would be available after denial of a motion for return of property brought by a movant with no connection to either an actual or potential criminal case, a person not suspected of anything who happened to have on his premises property pertinent to an investigation or prosecution of someone else; a motion by one in that situation would be solely for the return of property. Because the appellant is not within that category, the denial of its motion is not a final order.

Appeal dismissed.

---

5. In deferring review of DiBella's claim until appeal from a final judgment of conviction, the Supreme Court must have recognized the possibility that the interlocutory order denying return of seized property might never merge into a final judgment that DiBella could appeal; the complaint or a subsequent indictment might have been dismissed or DiBella might have been acquitted. The Court no doubt assumed that if the prosecution of DiBella were to terminate without a reviewable judgment of conviction, he would either have his property returned or then be in a position to claim its return and seek review of any order denying that claim. Appellant here would be in the same situation if the pending investigation does not result in a final judgment of conviction.