In the Matter of The Application of Thomas H. JENK, Beverly L. Jenk, Tom Jenk, P.C., Tom Jenk, Inc., and Jenk Insurance Agency, Inc. for the Return of Seized Property and the Suppression of Evidence, Petitioners.

Misc. No. 84–1001.

United States District Court,
N.D. Iowa, E.D.

July 12, 1984.

William Sidney Smith and Gary A. Robinson, Des Moines, Iowa, for petitioners.

Steedly Young, Dist. Counsel, I.R.S., Des Moines, Iowa, Evan L. Hultman, U.S. Atty., N.D. Iowa, Cedar Rapids, Iowa, William French Smith, Atty. Gen., Dept. of Justice, Washington, D.C., David S. Moynihan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on petitioners' resisted motion for the return of seized property and the suppression of evidence, filed January 11, 1984; and respondent's resisted motion to dismiss, filed April 25, 1984. Motion to dismiss granted.

In this action, styled as a motion under FRCrP 41(e), petitioners, Thomas H. Jenk, Beverly L. Jenk and three related corporations in which Thomas Jenk is an officer and/or shareholder, seek the return of documents now in the possession of the Internal Revenue Service (IRS) and their suppression as evidence in any further civil or criminal proceedings. Specifically, petitioners allege that the IRS obtained these documents in violation of their Fourth Amendment rights by employing deception in order to obtain their consent to a search and the copying of their books and records. While not specifically stated in petitioners' motion, it appears clear from the request for suppression that this motion has been filed in an attempt to prevent the government from presenting the information involved to a federal grand jury. See e.g. *Angel-Torres v. United States*, 712 F.2d 717, 719 (1st Cir.1983).

As acknowledged by respondent, it is now well established that a federal district court has equitable jurisdiction to suppress illegally obtained evidence before an indictment is issued. *Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir.1979). However, the jurisdiction is an extraordinary one and is to be exercised with caution and restraint. Id, citing *Meier v. Keller*, 521 F.2d 548, 554 (9th Cir.1975), cert. denied, 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976); and *Hunsucker v. Phinney*, 497 F.2d 29, 32–34 (5th Cir.1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).

The Eighth Circuit has adopted a four factor test to be used in determining whether a district court should exercise its equitable jurisdiction. Those factors are:

1) Whether petitioner has made a clear showing of a search and seizure in callous disregard of the Fourth Amendment;

2) Whether petitioner will suffer irreparable injury if relief is not granted;

3) Whether petitioner has an adequate remedy at law; and

4) Whether petitioner has an individual interest in and need for the material whose return he seeks.

*Pieper v. United States*, supra at 1133. Applying this standard to the case at bar, the court is of the opinion that petitioners' have failed to make a sufficient showing to warrant exercise of the court's equitable jurisdiction.

First, petitioners have not made a clear showing that the IRS acted in callous disregard of their Fourth Amendment rights. While petitioners have cast doubt on whether they consented to the copying of their records, it does not appear to be disputed that these records were voluntarily made available for IRS inspection. Thus, the court is not presented with a situation involving a facially egregious violation of Fourth Amendment rights. Second, it appears to be undisputed that the only documents in the possession of the IRS are photocopies of original documents that are still in petitioners' possession. There is no claim that petitioners have been deprived

of original records which are necessary for the operation of their business.

■ Finally, while the court is aware of the potentially harmful effect of an indictment to petitioners, it is the court's opinion that this ground is insufficient, in and of itself, to warrant this court's exercise of jurisdiction; particularly where petitioners have an adequate remedy at law in the form of a motion to suppress under FRCrP 41 should a criminal prosecution ensue or a refund suit should the records be made the basis of a civil tax suit. Under the totality of circumstances in this case, it is the court's opinion that its exercise of equitable jurisdiction would be inappropriate.

It is therefore

ORDERED

Motion to dismiss granted.