Coqui (Trinidad Socorro) SANTALIZ,
Roberto Jose Maldonado, **Movants,**

v.

**UNITED STATES of America,**
**Respondent.**

**Misc. 85–0130CC.**

United States District Court,
D. Puerto Rico.

Oct. 20, 1988.

Ronald L. Kuby and William, New York City, for movants.

Jorge L. Arroyo, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., Hato Rey, P.R., for respondent.

## OPINION AND ORDER

CEREZO, District Judge.

This miscellaneous proceeding was commenced by Trinidad Socorro Santaliz a/k/a Coqui Santaliz and Roberto José Maldonado, husband and wife, following the seizure of numerous items by federal law enforcement agents from their residence on August 30, 1985, pursuant to a search warrant issued by U.S. Magistrate Justo Arenas earlier that day. The property described in the warrant included, among other things, explosive devices, bomb making paraphernalia, sums of money in excess of $1,000, and cash related items, communiques, and documents related to the Macheteros, clothing used in clandestine activities, manuals on the use of firearms, and hair samples. Movants have challenged the legality of the seizure and have claimed that the property is being improperly and illegally retained by the respondent.

Although their motion is entitled Motion for Return of Property and they invoke only Rule 41(e), Federal Rules of Criminal Procedure, in the prayer for relief they not only seek the return of the seized items, but also expressly ask that the court "/f/orbid the government from using all such items and property, including all photocopies of said items and property, in any forum whatsoever." We note that during the pendency of this proceeding, co-plaintiff Maldonado, an attorney, was indicted along with others in the case of *United States v. Victor Gerena, et al,* Cr. 14–85–50–(TEC) before the United States District Court for the District of Connecticut.

Although this case was filed on October 25, 1985, it remained inactive for approximately sixteen months, causing the court to issue an order on February 20, 1987 to show cause why it should not be dismissed for lack of prosecution. In their response, petitioners claimed that they had been actively negotiating a settlement with the government's attorney. The government's response [1] to another matter supports this representation:

The government has once again offered to return everything seized from the Movants except: 1) Various size pieces of paper containing telephone numbers, names, addresses and/or notations (copies will be provided to Movants); 2) an unregistered illegal .38 caliber revolver with the serial number filed off; 3) $6,335.00 in U.S. currency which has been connected to the Wells Fargo case and is supposed to be sued in the trial of

1. Filed on April 6, 1987 (docket entry 17) at p. 4.

that case (see, Verified Statement of Special Agent James Garcia, Federal Bureau of Investigation, attached.)

During the month of May 1987, movants appeared represented by new counsel after their attorneys of record, Judith Berkan and Pedro Varela, filed motions to withdraw. Petitioner Roberto José Maldonado consented to act as local counsel for attorneys William Kunstler and Ronald L. Kuby.

A settlement conference before the U.S. Magistrate was unsuccessful in disposing of the case. At that time, the government informed that it would request a transfer of the case to the District of Connecticut. Instead, on August 14, 1987, it filed a motion to dismiss (docket entry 28), which U.S. Magistrate Justo Arenas denied, ruling that the matter was to be strictly treated as one under Rule 41(e), Federal Rules of Criminal Procedure, and not under 12(b)(3), and that this district was the proper forum.

On September 11, 1987, the government appealed from that ruling (docket entry 29) and petitioners responded on November 2, 1987. In its appeal the government again refers to the attempts made "to negotiate an agreement that will settle all matters in dispute," yet asserted that there were still items that the government would insist on retaining to use as evidence at trial in the *Gerena* case. The government's position, as it pertained to Maldonado, was that the motion was actually a motion to suppress, and that the Court in Hartford was intimately familiar with the evidence bearing on suppression issues related to the *Gerena* case. It argues, at page 6 of its appeal that:

> The District Court for the District of Puerto Rico does not have jurisdiction over Movants' action to suppress and return of evidence in light of the fact that over eighty of the evidentiary items sought to be returned are physically located in the District of Connecticut, that the only criminal case dealing with these items was initiated close to two years ago not in this district but in the District of Connecticut and that the Movants

seek suppression of the evidence 'in any forum whatsoever,' and not merely its return. (Footnote omitted.)

In their opposition, movant Maldonado contends that the deadline for filing motions to suppress in the District of Connecticut had expired and that it was uncertain whether the court would allow an untimely motion, that the motion for return of property under Rule 41(e) has been properly made and that, since the items retained include "literary and artistic work that make up Puerto Rico's cultural patrimony," the matter "should be resolved in Puerto Rico, with the people of Puerto Rico as witnesses to the proceedings." This is a reference to literary material pertaining to petitioner Santaliz, a writer.

Pursuant to the Magistrate's August 6, 1987 Order, following the settlement conference, the government filed an Informative Motion on September 21, 1987 to which it attached Exhibits A through D. Exhibit A is a complete inventory of the items seized on August 30, 1985. Exhibit B is a lengthy list of 149 seized items which are available for return to movants. Exhibit C is a list of seventy one items which the government has retained and Exhibit D is a list of seized items which are missing. In its Informative Motion of September 21, 1988 (docket entry 38 at p. 2) the government states that "approximately 31 of the items which are listed in Exhibit C subject of the Court's Order have been so designated for use at trial," and that it anticipates it "will use the rest of the items in Exhibit C for impeachment and rebuttal purposes in the *Gerena* case."

Although petitioners, in their opposition to the appeal, have emphasized the literary and artistic value of many of the items seized, a review of Exhibit C, *the core of the sole remaining controversy*, reveals that it includes such mundane objects as a revolver, bullets, cash, and airline tickets.

Considering petitioner Maldonado's circumstance as a criminal defendant in an ongoing trial, and considering his request that the seized items not be used in any forum whatsoever, the Court finds that he is not an aggrieved person merely seeking

return of property pursuant to Rule 41(e), but, rather a criminal defendant who is seeking suppression in a district other than the one in which he is standing trial. The rule is clear that a motion to suppress is to be made in the court in the district of trial rather than in the court in the district in which the seizure occurred. Rule 41(F), Federal Rules of Criminal Procedure. Rule 41(e) itself contemplates that a motion for return of property is merged into one for suppression after indictment. *See Imperial Distributors, Inc. v. United States*, 617 F.2d 892, 895 (1st Cir.1980). Maldonado's request for return of property is directly tied to the evidence to be presented against him in the *Gerena* case. Accordingly, the government's motion to dismiss as to his request under Rule 41(e) is GRANTED and the Magistrate's ruling on his behalf is VACATED.

As to coplaintiff Santaliz' request, although she is not a criminal defendant in the *Gerena* case, the same must be transferred to the District of Connecticut. All of the items listed in Exhibit C are intended items of evidence in that case, notwithstanding the fact that she may have an independent, legitimate interest in their return. The United States District Court of Connecticut, closely involved with the government's exhibits in the case, is in a much better position than we are to evaluate the merits of the parties' arguments.

For the above-stated reasons, the motion to dismiss petitioners' request for return of property under Rule 41(e) is GRANTED as to plaintiff Roberto José Maldonado and DENIED as to Trinidad Socorro Santaliz, except that her request is hereby transferred to the United States District Court for the District of Connecticut for further proceedings.

SO ORDERED.