In re **WARRANT DATED DECEMBER 14, 1990 AND RECORDS SEIZED FROM 3273 HUBBARD, DETROIT, MICHIGAN ON DECEMBER 17, 1990.**

Avery **SHAPIRO; Irving Fenkell; City Foods Service Company; Capri Leasing Company, Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 91–1453.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 20, 1992.

Decided April 17, 1992.

Rehearing Denied July 2, 1992.

Neal Nusholtz (Argued and Briefed), Royal Oak, Mich., for petitioners-appellants.

Richard Delonis, Asst. U.S. Atty., Jennifer J. Peregord (Argued and Briefed), Office of the U.S. Atty., Detroit, Mich., for U.S.

Before: KEITH and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.

KEITH, Circuit Judge.

Petitioners–Appellants, Avery Shapiro, Irving Fenkell, City Foods Service Company, Inc. ("City Foods"), and Capri Leasing Company, Inc. ("Capri") (collectively "Appellants"), appeal the decision of the district court denying a motion for the return of property seized from the premises at 3273 Hubbard, Detroit, Michigan. We find that we lack jurisdiction and dismiss the appeal.

I.

On December 14, 1990, a Magistrate in the Eastern District of Michigan issued a search warrant for business records and tax records of City Foods and Capri.[1] The warrant was supported by a fifteen page affidavit which is under seal.

Pursuant to the search warrant, Special Agents of the Criminal Investigation Division of the Internal Revenue Service seized records at the offices of City Foods and Capri on December 17, 1990. The records covered the period from 1985 through 1990. These records were sought in connection with a criminal investigation of the appellants for tax evasion, filing of fraudulent tax returns, and conspiracy pursuant to 28 U.S.C. §§ 7201, 7206 and 18 U.S.C. § 371.[2]

On January 6, 1991, appellants filed a motion with the district court under Fed. R.Crim.P. 41(e) for the return of seized property. The motion prayed for the return of all seized property and a direction that all property seized be excluded pursuant to the exclusionary rule. Appellants challenged the constitutionality of the search warrant on the grounds that the warrant authorized a general exploratory

---

1. City Foods is no longer in business. It was a wholesale distributor of meat and poultry to restaurants and grocery chains in the Detroit metropolitan area. Capri was a wholly owned subsidiary of City Foods. Capri purchased and leased vehicles to individuals and businesses.

The two principal owners of City Foods were Avery Shapiro and Irving Fenkell.

2. Since this seizure, some 15 months ago, no detention, arrest, indictment, or other charges have been issued against appellants.

search and failed to describe the items to be seized with particularity.

The district court in an order entered on April 4, 1991, denied the motion, finding that the affidavit provided ample probable cause for the issuance of the search warrant, and that the warrant did not authorize a general search. This timely appeal followed.

## II.

Initially, we are confronted with the threshold question of whether we have jurisdiction to review the district court's ruling on the Rule 41(e) motion. The United States contends that the district court's ruling is not a final appealable order because the circumstances in this case do not satisfy the two-pronged requirement set forth in *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). We agree.

The Supreme Court in *DiBella* held that a ruling on a motion to suppress evidence is interlocutory when a criminal prosecution is in esse. The Court stated that an unsuccessful movant may appeal such an interlocutory appeal only if the motion (1) is "no way tied to criminal prosecution in esse against the movant" and (2) is "solely for return of property." *Id.* at 131–32, 82 S.Ct. at 660.

■ This Circuit has consistently held that a motion for the return of property is not "tied to a criminal prosecution in esse" when the defendant, as in the present case,

has not yet been charged or indicted. *Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir.1982) ("While we do not establish any hard and fast rule for determining when a criminal prosecution becomes 'in being' for purposes of the *DiBella* rule, we find that the mere possibility of a prosecution is too remote 'to deprive the district court's order of finality.'"), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *see also Coury v. United States*, 426 F.2d 1354 (6th Cir.1970); *see also In re Grand Jury Proceedings*, 716 F.2d 493 (8th Cir.1983); *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15 (7th Cir.1978); *United States v. Alexander*, 428 F.2d 1169 (8th Cir.1970).[3] In the instant case, although there is a pending investigation, there is no outstanding indictment or information. Consequently, the first prong of *DiBella* is satisfied— there is no criminal prosecution in esse.

*DiBella's* second requirement for granting an interlocutory appeal is that appellant's motion be "solely for the return of property." Under the previous rule, no motion under Rule 41(e) "could ever literally comply with the requirement ... [since] any motion for return of property [was] automatically treated as a suppression motion as well."[4] *In re Grand Jury Proceedings*, 716 F.2d at 495. Thus, many "courts ... interpreted [the second prong in] *DiBella* to require only that a Rule 41(e) motion be directed 'primarily' to the return of evidence." *In the Matter of the Search of 949 Erie Street, Racine Wiscon-*

---

**3.** The First, Second, Third, Fifth and Ninth Circuits have interpreted the reference in *DiBella* to a "criminal prosecution in esse" as including pending grand jury proceedings, even when no formal charge had yet been filed. *DeMassa v. Nunez*, 747 F.2d 1283 (9th Cir.1984); *United States v. Furina*, 707 F.2d 82 (3d Cir.1983); *Standard Drywall, Inc. v. United States*, 668 F.2d 156 (2d Cir.), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442, *reh'g denied*, 457 U.S. 1112, 102 S.Ct. 2917, 73 L.Ed.2d 1323 (1982); *Imperial Distributors, Inc. v. United States*, 617 F.2d 892 (1st Cir.), *cert. denied*, 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980); *United States v. Glassman*, 533 F.2d 262 (5th Cir.1976).

**4.** Rule 41(e) was amended in 1989. Before the 1989 amendment, Rule 41(e) provided as follows:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for return of property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. *If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial.* If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.
(emphasis added).

*sin,* 824 F.2d 538, 541 (7th Cir.1987); *In re Grand Jury Proceedings,* 716 F.2d at 495; *Imperial Distributors, Inc. v. United States,* 617 F.2d 892, 895 (1st Cir.), *cert. denied,* 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980).

On April 25, 1989, the United States Supreme Court ordered that Rule 41(e) of the Federal Rule of Criminal Procedure be amended. *See* 124 F.R.D. at 426–27 (1989). The amended version of Rule 41(e) provides as follows:

> Motion for Return of Property. A person aggrieved by an unlawful search and seizure *or by the deprivation of property* may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. *If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of property in subsequent proceedings.* If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Fed.R.Crim.P. 41(e) (emphasis added). This amendment removed the language requiring that the property returned pursuant to a successful Rule 41(e) motion would "not be admissible in evidence at any hearing or trial." According to the Committee notes, the language was deleted because "it has not kept pace with the development of exclusionary rule doctrine and is currently only confusing." Fed.R.Crim.P. 41(e) Advisory Committee's note. Thus, "[t]he scope of the exclusionary rule is reserved for judicial decisions." *Id.*

The Tenth Circuit is the only circuit to address a Rule 41(e) appeal in light of the amendments to the previous rule. *In re the Matter of Search of Kitty's East,* 905 F.2d 1367, 1370 (10th Cir.1990) (hereinafter *"Kitty's East"*); *In re Matter of 6455 South Yosemite, Englewood, Colo.* 897 F.2d 1549 (10th Cir.1990) (hereinafter *"Blinder, Robinson & Co."*). These cases appear to be inconsistent. In *Blinder, Robinson & Co.,* the Court recognized that jurisdictional analysis under Rule 41(e) requires that the court consider whether the motion was for the return of property or suppression of evidence. *Id.* at 1554. The Court concluded that "both because of the amendment to Rule 41(e) and because of appellants' representations that they do not seek suppression in this action, we conclude that it is one 'solely' for the return of property as to both appellants...." In *Kitty's East,* a case decided several months later, a different panel of the Court concluded that the Supreme Court's amendment "made every Rule 41(e) motion into one solely for the return of property."

We believe that the interpretation in *Kitty's East* would render one prong of the *DiBella* test moot, a position that this Court refuses to adopt. We disagree with *Kitty's East* to the extent that it holds that our analysis of whether the motion is for the return of property or seeking suppression of evidence is foreclosed by this recent amendment. Therefore, we hold that we must look behind the Rule 41(e) motion and determine whether the motion essentially sought return of seized property or suppression, delay, or some other such purpose apart from the return of the property.

In the instant case, appellants' motion before the district court explicitly sought suppression of the documents.[5] At oral argument before the district court and before this Court, appellants requested that the seized property be suppressed.

Appellants, however, argue that the motion was not primarily for suppression of evidence; rather, they desired return of the records because the records were neces-

---

5. In appellants' brief in support of its motion, appellants stated in the "Remedies" section:

> Movants urge the court to find that the agents conducted a general search forbidden by the Fourth Amendment. All items taken should be returned and subject to the exclusionary rule.

sary to conducting their business. We find no merit to this contention. The government, in response to appellants' motion in the district court, stated that it did "not oppose granting petitioners access to the seized records for purposes of conducting and carrying on their business. Indeed such access has already been implemented." In fact, the government, as the district court found, has spent over 150 hours copying materials requested by appellants' counsel. Moreover, appellants' counsel did not identify in any of the proceedings records that the government had not provided. We find that in view of these facts appellants cannot argue that the records were needed for business purposes. *Imperial Distributors, Inc. v. United States*, 617 F.2d 892, 895–96 (1st Cir.), *cert. denied*, 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 116 (1980).

Further, we note that the district held a hearing on the matter in March 1991. The records were seized in December 1990. Nowhere in the record does it show that counsel filed an affidavit which asserted that the records were needed in order to conduct business. Thus, we conclude that appellants' motion was not "solely for the return of property." Because we hold that the primary purpose of the Rule 41(e) motion was not for the return of property, the district court's order denying the motion is not appealable. Consequently, we do not reach the merits of this appeal. *See Sovereign News Co. v. United States*, 544 F.2d 909 (6th Cir.1976), *cert. denied*, 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 73 (1977).

### III.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.