USCA1 Opinion

 

 NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1936 UNITED STATES, Appellee, v. BILLY RAY MCDOWELL, JR., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Billy Ray McDowell, Jr. on brief pro se. _______________________ Guillermo Gil, United States Attorney, and Joseph J. Frattallone, _____________ ______________________ Assistant United States Attorney, on brief for appellee. ____________________ June 9, 1997 ____________________ Per Curiam. Billy Ray McDowell was convicted of drug __________ trafficking offenses in June 1988. In March 1996, he moved in the district court for the return of $4000 in cash, a cellular telephone, and a briefcase containing documents, each of which he claims were seized from him at the time of his arrest in February 1988; according to the government, these items were later administratively forfeited. See 21 ___ U.S.C. 881 (providing for forfeiture of property or money used to facilitate or traceable to a drug offense); 19 U.S.C. 1607-09 (outlining administrative forfeiture procedure for items worth $500,000 or less). In his collateral attack, McDowell claims that he received no notice of the forfeitures and alleges that they violated his right to due process and should be invalidated. See United States v. Giraldo, 45 ___ _____________ _______ F.3d 509, 511-12 (1st Cir. 1995) (per curiam).  The short response submitted by the government in the district court was apparently intended to suggest that the forfeitures were in fact valid. But to support this suggestion, the government simply asked the district court to "take notice" of the fact that the cash and telephone had been "administratively forfeited," as evidenced by declarations of forfeiture for these two items, which merely recited that notice had been sent to all interested persons. The government also reported that it had neither record nor recollection of a seized briefcase.  -2- -2- The district court denied the defendant's motion, citing the "facts" provided by the Government--facts pertaining to the administrative forfeiture proceedings and not the merits of the forfeiture. The defendant now appeals. The parties repeat the arguments advanced below, with the government adding the contention that the district court in Puerto Rico lacked jurisdiction to decide the motion because the property was seized in Texas. 1. With respect to the cell phone and cash, the defendant appears to have an almost hopeless case. He concedes that the seizure occurred at the time of the arrest that led to his conviction, as he attempted to open an airport locker which he thought contained cocaine. See ___ United States v. McDowell, 918 F.2d 1004, 1006 (1st Cir. ______________ ________ 1990). The facts recited in the first appellate opinion in this case also reveal that McDowell carried $4000 cash, the exact amount of the delivery fee for the drugs, separately from other funds, and that he repeatedly communicated with coconspirators by phone. McDowell, 918 F.2d at 1006.  ________ On the surface, the government's case looks extremely strong. See United States v. One Lot of U.S. Currency, 103 ___ _____________ _________________________ F.3d 1048, 1053-54 (1st Cir. 1997) (forfeiture proper if government shows probable cause to believe that seized property has a sufficient nexus to illegal activity, and defendant fails to rebut); United States v. One Lot of U.S. _____________ ________________ -3- -3- Currency, 927 F.2d 30, 32 (1st Cir. 1991) (probable cause to ________ believe that cash and car were forfeitable where cash amount equaled the promised purchase price in a sting transaction and the defendant drove the car to the airport meeting place, apparently planning to use it to transport the purchased drugs). Nothing in the defendant's papers explains how he expects to avoid forfeiture, even if the prior administrative proceedings were procedurally defective.  Nevertheless, this is only our own reconstruction; the government has not made, and the defendant has not answered, such a claim; and there is no reason why the government should not turn square corners even if it is defending against a dubious collateral attack on a forfeiture. Here, the record contains no response to the defendant's allegation that he had not received adequate notice, which in some cases might negate a forfeiture's validity, Giraldo, 45 F.3d at _______ 512, and the government did not attempt to show that the property was plainly forfeitable, giving the defendant an opportunity to answer. There is some conflict in the law as to who needs to show what when the defendant makes a claim like the one before us. Compare United States v. Deninno, 103 F.3d 82, 85-86 (10th _______ ______________ _______ Cir. 1996) with Boero v. DEA, 111 F.3d 301, 306 (2d Cir. ____ _____ ___ 1997). We see no reason to lay down any general rule. But -4- -4- in the present case we think that an adequate answer needs to be provided by the government--whether procedural or substantive--before defendant's motion may be summarily denied. 2. As to McDowell's further allegation that a briefcase containing documents was improperly forfeited, the government says that it has no record of such an item. But it points to no inventory list or similar evidence; nor does it provide any other explanation for the divergence between the defendant's version of the events and the government's records.  The government may have an excellent laches defense since the defendant waited eight years to file a motion that could have been made promptly; this delay might help explain the gaps in the government's evidence. Cf. Angel-Torres v. ___ ____________ United States, 712 F.2d 717, 719-20 (1st Cir. 1983) (motion ______________ for return of property subject to equitable principles). However, as the government did not assert laches below and the district court made no relevant findings, we decline to affirm the denial of the motion with respect to the briefcase on that ground. 3. The government belatedly says on appeal that the defendant brought his claim in the wrong court. We do not think that this minimally briefed case is a vehicle for us to determine where a post-conviction motion for return of -5- -5- property should be made if the property seizure and the related criminal trial occurred in different districts--a question on which other circuits disagree. Compare United _______ ______ States v. Giovanelli, 998 F.2d 116, 118-19 (2d Cir. 1993) ______ __________ (venue proper in prosecuting district) and Thompson v. ___ ________ Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam) _________ (venue proper only in prosecuting district) with United ____ ______ States v. Garcia, 65 F.3d 17, 20-21 (4th Cir. 1995) (venue ______ ______ proper only in seizing district). While the district court is free to hear the government's argument on this point, it may be simpler to assume jurisdiction arguendo, assuming that ________ the government has an adequate substantive or procedural answer to defendant's claim. In any event, we decline ourselves to affirm the dismissal based on a venue argument never presented to the district court. The district court's judgment is vacated and the matter _______ remanded for further proceedings consistent with this ________ opinion. It is so ordered. ________________ -6- -6-