**UNITED STATES of America and Rick P. Baken, Defendants-Appellees,**

v.

**Robert A. GLASSMAN, Plaintiff-Appellant.**

No. 75–3655

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 11, 1976.

Michael Silvers, New Orleans, La., William E. Seekford, Towson, Md., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., Don M. Richard, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

The trial court denied appellant's motion to quash the search warrant, to suppress the seized materials and to return property

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

illegally seized in connection with a charge of distributing obscene material. We do not reach the legality vel non of the search warrant because we find the district court's order to be nonappealable, and we therefore dismiss for lack of jurisdiction.

■ This motion, made pursuant to Fed. R.Crim.P. 41(e), was made prior to appellant's indictment, but "the mere circumstance of a preindictment motion" does not make the order final and appealable. *DiBella v. United States*, 369 U.S. 121, 131, 82 S.Ct. 654, 660, 7 L.Ed.2d 614, 621 (1962). Only if this motion was a collateral attempt to retrieve property and not an effort to suppress evidence in related criminal proceedings is it appealable. *DiBella* defines a Rule 41(e) motion as independent "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant." 369 U.S. at 131–32, 82 S.Ct. at 660, 7 L.Ed.2d at 621. The Court goes on to suggest that a prosecution is *in esse* "when at the time of the ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment." 369 U.S. at 131–132, 82 S.Ct. at 660, 7 L.Ed.2d at 621. The order denying this motion was dated September 12, 1975; appellant was not indicted until November 13, 1975, and apparently was never detained. So according to the literal language of *DiBella* there was no criminal prosecution *in esse* at the time this appeal was brought. But in *Application of United States*, 427 F.2d 1140 (5th Cir. 1970), this court relied on *DiBella* to hold that where appellants were under indictment at the time of their appeal their motion to suppress was an integral part of a criminal proceeding and was not appealable.[1] However, the subsequent indictments were not essential to the finding of nonappealability because three of the appellants were not indicted by the grand jury, and yet the court found that their Rule 41(e) motion was made primarily to suppress evidence from the anticipated grand jury hearings[2] and therefore was not made "solely for return of property" as *DiBella* requires.[3] Similarly, in *United States v. Peachtree*, 456 F.2d 442 (5th Cir. 1972), this court relied on *DiBella* to find that even in the absence of formal criminal charges at the time a search warrant was issued, the order authorizing the warrant was merely a step in a criminal prosecution and was not appealable.

■ Because appellant's motion, if granted, would prevent the grand jury's consideration of the seized materials, we find its denial an interlocutory ruling and dismiss this appeal because 28 U.S.C. § 1291 limits our jurisdiction to appeals from final decisions.

APPEAL DISMISSED.

---

1. For a similar decision taking subsequent indictments into consideration to hold a Rule 41(e) motion nonappealable, *see Parrish v. United States*, 376 F.2d 601 (4th Cir. 1967).

2. If the motion to return property is granted, that property is not admissible in any hearing or trial, Fed.R.Crim.P. 41(e), so the motion operates as a motion to suppress evidence.

3. Judge Boreman's concurring opinion in *Parrish v. United States, supra* n. 1, objected to looking at subsequent events to decide questions on appeal, but found it "perfectly obvious" that the Rule 41(e) motion made prior to arrest and prior to indictment was not made solely for the return of property and therefore fell into that class of nonappealable orders described in *DiBella*. The Eighth Circuit, on the other hand, found jurisdiction to review a Rule 41(e) motion made prior to arrest, arraignment and indictment because no criminal prosecution was *in esse*. *United States v. Alexander*, 428 F.2d 1169 (8th Cir. 1970). We respectfully reject this view.