CHURCH OF SCIENTOLOGY OF CALI-
FORNIA, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–2434.

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1979.

Donald M. Re (argued), Los Angeles, Cal., Leonard B. Boudin (argued), Rabinowitz, Boudin & Standard, New York City, for petitioner-appellant.

Raymond Banoun, Asst. U. S. Atty. (argued), Washington, D. C., for respondent-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and SOLOMON,* District Judge.

DUNIWAY, Circuit Judge:

The Church of Scientology of California appeals from a judgment denying its application under Rule 41(e), F.R.Crim.P., for the return of property seized under certain search warrants and for the suppression of the evidence seized. We conclude that we do not have jurisdiction, and dismiss the appeal.

On July 7, 1977, two search warrants were obtained authorizing search of certain offices of the Church, located in two buildings that it owns in Los Angeles. A similar warrant was obtained for a search of part of a building owned by the Founding Church of Scientology in Washington, D.C. The affidavits in support of the warrants were substantially identical, and so were the warrants, except for descriptions of the premises to be searched. There was a separate warrant for each place to be searched. The warrants were executed simultaneously at 9:00 a. m. Washington time, and at 6:00 a. m. Los Angeles time. Many files were examined at each place, in an effort to find the papers listed in 161 separate paragraphs of the warrants, and in paragraph 162 of each, which reads:

Any and all fruits, instrumentalities, and evidence (at this time unknown) of the crimes of conspiracy, obstruction of justice and theft of government property in violation of 18 U.S.Code §§ 371, 1503 and 641 of which facts recited in the accompanying affidavit make out.

The Church asserts that more than 20,000 documents were seized. Motions to recover the seized documents were filed on July 12,

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1977, in the District Court for the Central District of California, and on July 15, 1977, in the District Court for the District of Columbia. In the District of Columbia, the District Court granted the Church's motion. The Court of Appeals reversed. *See In re Search Warrant dated July 4, 1977,* D.D.C., 1977, 436 F.Supp. 689; *Id.,* 1977, 187 U.S. App.D.C. 297, 572 F.2d 321, *cert. denied,* sub nom. *Founding Church of Scientology v. United States,* 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978).

Throughout the proceedings in the District Court in the case at bar, the Church has made it clear that the principal reason for its motion has been and is to prevent the use of any of the seized papers for the purpose of obtaining indictments against either the Church or its officials or employees. A grand jury in the District of Columbia had been considering the offenses mentioned in the affidavits supporting the search warrants—conspiracy to steal government property, conspiracy to obstruct justice, theft of government property, and obstruction of justice. Many of the seized documents have been presented to that grand jury, both before and during the proceedings in this case. Since this case began, and on August 15, 1978, the District of Columbia grand jury has indicted 11 persons, at least some of them officials or employees of the Church. So far as we are advised, however, the Church has not been indicted.

Under orders of the District Court, the government has supplied the Church with two sets of copies of all documents seized, except for certain ones that, according to the government, are its property and are of a sensitive or confidential character.

Although the matter is not free from doubt, we conclude that the principles applied in *DiBella v. United States,* 1963, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, require that the appeal be dismissed. There, two persons were involved. One, DiBella, had been arrested under a warrant, and he was arraigned and released on bail. Some evidence was seized when he was arrested. He moved to suppress the seized evidence.

While the motion was pending, he was indicted. The motion to suppress was denied, and he appealed. The other person, Koenig, had been arrested in Florida on the basis of a complaint charging bank robbery in Ohio. He filed a proceeding in the federal court in Florida, to suppress seized property, while removal proceedings were pending. Meanwhile, Koenig had been indicted in Ohio. Thereafter, the Florida District Court granted suppression but denied return of the property. Koenig appealed from the denial of his motion for return of his property. The Supreme Court held that neither order was appealable.

The Court's holding is stated as follows:

We hold, accordingly, that the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability. Presentations before a United States Commissioner [citation omitted] as well as before a grand jury [citation omitted] are parts of the federal prosecutorial system leading to a criminal trial. Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." [Citation omitted.] *Only if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent. Id.* at 131–32, 82 S.Ct. at 660 (emphasis added).

The Court also disposed of another argument that could be made for appealability in this case, that this case was decided by a District Court in California, where the seizure occurred, while the criminal proceeding is in the District of Columbia.

An alternative ground for appealability in the *Koenig* case, likewise culled from dicta in some of our decisions, would assign independence to the suppression order because rendered in a different district from that of trial. *Id.* at 132, 82 S.Ct. at 661.

\* \* \* \* \* \*

Rule 41(e), of course, specifically provides for making of the motion in the district of seizure. On a summary hearing, however, the ruling there is likely always to be tentative. We think it accords most satisfactorily with sound administration of the Rules to treat such rulings as interlocutory. *Id.* at 132–33, 82 S.Ct. at 661.

We recognize that *DiBella* is not precisely in point. While the grand jury had been investigating the Church, there has been no complaint, arraignment, information or indictment against it, nor any arrest. In *DiBella* there was arrest, arraignment, and indictment; in *Koenig* there was a complaint, an arrest, and an indictment.

Later cases, however, carry the *DiBella* principle a little farther. In *Application of United States*, 5 Cir. 1970, 427 F.2d 1140, this was the court's holding, concerning motions to suppress filed before any indictments were returned:

> 2. The appellants' motions in the court below included a demand for the return of property, but the Court in *DiBella* held that "[o]nly if the motion is solely for return of property *and* is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent." (Emphasis supplied.) 369 U.S. at 131, 132, 82 S.Ct. at 660. As regards the appellants Dudley, the three Sklaroffs, Blott and Richmond, who are now under indictment for violations of Title 18, U.S.C., their motion to suppress is an integral part of criminal proceedings *in esse* the denial of which is nonappealable at this time. In a like manner, the motion to suppress of appellants Rogers, Wittell and Green is nonappealable for the motion is not solely for the return of property, in conformity to the *DiBella* rule, but primarily seeks suppression of evidence from grand juries in criminal proceedings. *DiBella v. United States,* supra at 131, 132, 82 S.Ct. at 660, 661.

Subsequent language in the opinion can be read to indicate that the last three persons mentioned were also indicted. However, in *United States v. Glassman,* 5 Cir., 1976, 533 F.2d 262, the court tells us that this was not so.

> The order [of the district court] denying this motion was dated September 12, 1975; appellant was not indicted until November 13, 1975, and apparently was never detained. So according to the literal language of *DiBella* there was no criminal prosecution *in esse* at the time this appeal was brought. But in *Application of United States . . .* three of the appellants were not indicted by the grand jury, and yet the court found that their Rule 41(e) motion was made primarily to suppress evidence from the anticipated grand jury hearings and therefore was not made "solely for return of property" as *DiBella* requires. . . . *Id.* at 263.

Both *Glassman* and *Application of United States,* and especially the latter, support dismissal of the appeal that is before us.

Our decision in *Meier v. Keller,* 9 Cir., 1975, 521 F.2d 548, 556, *cert. denied,* 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976), is also persuasive.

> The denial of a preindictment motion or comparable relief is an interlocutory nonappealable order unless "the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." *DiBella . . .* Meier's appeal meets neither criterion for appealability. His complaint sought suppression as well as return. . . . [T]here was already a criminal prosecution *in esse* because presentment had already been made to the Nevada grand jury at the time the complaint [for Rule 41(e) relief] was filed [in the Central District of California]. Thus, the appeal should be dismissed for want of jurisdiction in this court.

In *Parrish v. United States,* 4 Cir., 1967, 376 F.2d 601, the plaintiffs sought, under Rule 41(e) return of records obtained from them by Internal Revenue agents, allegedly by fraud, and their suppression as evidence. Relief was denied, and they appealed. At that time, so far as appears, there was no indictment and no other criminal proceeding pending (p. 602). Later, they were indicted. On the authority of *DiBella, supra,* the appeal was dismissed. Judge Boreman would have gone further and held the order not appealable even if there had been no indictment (pp. 603–04).

In *Smith v. United States,* 3 Cir., 1967, 377 F.2d 739, Smith and his wife petitioned for an injunction prohibiting the presentation of certain evidence to a grand jury, prohibiting its use in prosecuting the petitioners, and requiring return of the evidence. The petitioning husband and wife had produced the records relating to their income at the request of the Internal Revenue Service. When their action was filed, they had not been indicted. While their petition was under submission, they were indicted for income tax evasion. Nine days later, their petition was denied. The court held that the denial was not appealable, citing *DiBella, supra,* despite the fact that the petitioners had not been indicted when they filed their petition. The rationale was that the petition was not solely for the return of property; it sought to enjoin use of the evidence looking toward prosecution; it was tied to an incipient criminal proceeding (p. 742).

*Austin v. United States,* 4 Cir., 1962, 353 F.2d 512, is similar to *Smith v. United States, supra,* and held, on the authority of *DiBella, supra,* that an order denying a petition to have suppressed, in advance of indictment, documents that petitioner claimed the I.R.S. had obtained from her by fraud (see *Austin v. United States,* 4 Cir., 1961, 297 F.2d 356), was not appealable.

Our decision in *Goodman v. United States,* 9 Cir., 1966, 369 F.2d 166, is different. There, as we said, "there is, and has been, no criminal case pending in any stage." (p. 168.) Not so in the case at bar.

In *Cobbledick v. United States,* 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, the Court held that an order denying a motion to quash a subpoena duces tecum to appear and produce documents before a grand jury is not appealable. Part of the rationale was that it would be undesirable to permit a witness, by appealing, to halt an ongoing criminal proceeding. Thus, he cannot appeal, even though he could not appeal from the final decision in the criminal case because he is not a party to it (p. 326, 60 S.Ct. 540). *See also Alexander v. United States,* 1906, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686.

*United States v. Ryan,* 1971, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85, is similar. As Mr. Justice Brennan said:

Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims have we allowed exceptions to this principle. We have thus indicated that review is available immediately of a denial of a motion for the return of seized property, where there is no criminal prosecution pending against the movant. See *DiBella v. United States, supra,* [369 U.S.] at 131–132, 82 S.Ct. 654. Denial of review in such circumstances would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession.

The principle that runs through all of these authorities is that an ongoing criminal proceeding is not to be interrupted by an appeal from an order denying suppression of evidence that may be used in that proceeding. This is such a case. There was, and so far as the record shows there is, an ongoing proceeding before at least one grand jury, in the District of Columbia. The parties tell us that there is, or was, another proceeding before a Federal grand jury in New York. There is also a proceeding pending in Great Britain to extradite two of the persons indicted by the District of Columbia grand jury, and some of the seized papers are being used in that proceeding.

The petition or motion here did not and does not seek only the return of the property. It expressly seeks suppression of evidence, and is avowedly aimed at suppressing evidence in grand jury, extradition, and other criminal proceedings.

Moreover, suppression in this case is sought by the Church on behalf of its employees as well as on its own behalf. Some or all of those employees may not have standing to seek suppression. Suppression at the behest of the Church would be an abuse of Rule 41(e), and is an additional reason to deny appealability. Similarly, suppression of evidence that is to be presented to the grand jury is sought, although the government would have the right, under the decision in *United States v. Calandra,* 1974, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561, to use the evidence before the grand jury as the basis of questions to a witness, even though the evidence may have been obtained in violation of the Fourth Amendment. *Zurcher v. Stanford Daily,* 1978, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525, holds that, upon a proper showing of probable cause, a warrant may issue authorizing a search of the premises of an innocent third party for evidence of crime. Usually, the criminal would have no standing to suppress such evidence. Yet, if a denial of a motion by the third party for return of the evidence and to suppress it were appealable, presentation of the case against the criminal to a grand jury could be delayed for long periods of time. Surely, if the evidence can be obtained, it can also be retained during the progress of the criminal proceeding. Yet it is retention that the Church seeks to terminate here.

Our decision that the order appealed from is not appealable is not free from doubt, for the reasons stated by Mr. Justice Brennan in *United States v. Ryan, supra.* There must, at some time, be a remedy available to the Church for the return of its property, if it has been unlawfully taken. But the present appeal is not that remedy. We decide nothing more.

Appeal dismissed.