Norman R. SIMONS and Catherine
Simons, Plaintiffs-Appellants,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 78–1873

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

Rehearing Denied April 30, 1979.

Norman R. Simons, Catherine Simons,
pro se.

Joe Alfred Izen Jr., Houston, Tex., for
plaintiffs-appellants.

Jose A. Canales, U. S. Atty., Arthur R.
Amdur, Asst. U. S. Atty., Houston, Tex., M.
Carr Ferguson, Asst. Atty. Gen., Gilbert E.
Andrews, Chief, Crombie J. D. Garrett,
David E. Carmack, Tax Div., Dept. of Jus-
tice, Washington, D. C., for defendants-ap-
pellees.

Before CLARK, GEE and HILL, Circuit
Judges.

PER CURIAM:

Appellants Norman and Catherine Si-
mons became the subject of an IRS audit in
1977 concerning their income tax returns
for 1975 and 1976. In August 1977 a crimi-
nal investigation began. The IRS served a
summons for production of records on Mr.
Simons' employer, Southwest Drywall, and
sent appellants notice of the summons by
certified mail. Appellants refused to pick
up their mail and did not attempt to inter-
vene in the summons procedure. South-
west Drywall complied with the summons.
The appellants then filed a motion in the
district court for the return of the seized
records and their suppression in any further
criminal proceeding. The district court up-
held the legality of the summons and denied
all relief.

Under the standard set forth in *Di-
Bella v. United States,* 369 U.S. 121, 82
S.Ct. 654, 7 L.Ed.2d 614 (1962), the denial of
the appellant's motion is appealable only if
"the motion is solely for the return of prop-
erty and is in no way tied to a criminal
prosecution in esse against the movant."
369 U.S. at 131–32, 82 S.Ct. at 660, 7

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir.,
1970, 431 F.2d 409, Part I.

L.Ed.2d at 621. We have interpreted *Di-Bella* broadly, holding that only if the motion is "a collateral attempt to retrieve property and not an effort to suppress evidence in related criminal proceedings is it appealable." *United States v. Glassman,* 533 F.2d 262 (5th Cir. 1976). In *Glassman* we held that denial of a motion for the return of property and suppression of evidence was not appealable even in the absence of the existence of any formal criminal charges at the time of appeal. 533 F.2d at 263. *See also United States v. Peachtree,* 456 F.2d 442, 447–48 (5th Cir. 1972).

The "property" which the appellants seek returned in this case consists of W–2 and W–4(e) forms, expense checks and vouchers, payroll checks, and other employment records, all kept in the files of Mr. Simons' employer. It is obvious that the appellants' motion is directed at the suppression of this evidence in any criminal proceeding arising from the IRS criminal investigation and is not a collateral action for the return of property. The district court's order is nonappealable, and we therefore dismiss for want of jurisdiction.

APPEAL DISMISSED.