**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Jose Manuel ACOSTA and Roberto Rodriguez, Defendants-Appellees.**

**No. 80–5318.**

United States Court of Appeals,
Fifth Circuit.*
Unit B

March 5, 1982.

Steven E. M. Hartz, Linda Collins-Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellant.

Robert L. Moore, Miami, Fla., for Acosta.

Michael J. Rosen, Miami, Fla., for Rodriguez.

Before GODBOLD, Chief Judge, TJOFLAT and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

In this drug conspiracy and possession case, the government originally brought this appeal pursuant to 18 U.S.C. § 3731 (1976), seeking review of the district court's order granting the motion of defendants Jose Manuel Acosta and Roberto Rodriguez to suppress marijuana seized from a fishing vessel on which defendants were arrested. In granting the motion to suppress, the district court first held that the defendants possessed standing to assert a fourth amendment violation in the search of the vessel and the seizure of the marijuana; it then found that the search and seizure was

* Former Fifth Circuit Case, Section 9(1) of Public Law 96–452—October 14, 1980.

# 293

unconstitutional. *United States v. Acosta*, 489 F.Supp. 61 (S.D.Fla.1980). On June 3, 1981, while retaining jurisdiction of this appeal, we remanded this case to the district court for reconsideration of the motion to suppress in light of *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). We advised the district court that "the evidentiary hearing on the suppression motion [could] be reopened for submission of further evidence ... and a redetermination of the motion." The district court did hold an evidentiary hearing at which both defendants testified and were cross-examined.[1] The court subsequently issued its Order on Remand holding that the defendants lacked standing to assert a fourth amendment claim and, alternatively, that the search of the fishing vessel was reasonable; it therefore denied defendants' motion to suppress. The district court then certified its order to this court.

 Since, on remand, the district court has now *denied* defendants' suppression motion, we no longer have a role to play. A denial of a pre-trial motion to suppress is a non-final interlocutory order which is not appealable. *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *Simons v. United States*, 592 F.2d 251 (5th Cir. 1979); *see United States v. Mock*, 604 F.2d 336, 338 (5th Cir. 1979). We therefore must remand this case for trial. If defendants are convicted, they may appeal their convictions and at that time claim error in the district court's denial of their suppression motion.

While conceding that this case should be remanded for trial, defendants nevertheless assert that the district court went beyond the scope of our remand order by redetermining not only the standing issue, but also the reasonableness of the search. They also contend that since the government did not appeal the district court's original holding that the search violated the fourth amendment, it is forever barred from claiming that the search was valid. We reject these arguments as merit-

less. Our remand order did not limit the district court's power to reconsider all issues relating to the motion to suppress; in fact, our order authorized a "redetermination of the motion." Moreover, the district court has broad power to reconsider the correctness of its interlocutory rulings. *See Lord v. Kelley*, 334 F.2d 742, 746 (1st Cir. 1964), *cert. denied*, 379 U.S. 961, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965).

We reiterate that we express no view as to the merits of the district court's order denying the motion to suppress. We remand this case to the district court for trial.

REMANDED.

---

1. Neither party provided us with a transcript of the evidentiary hearing following remand; thus

we must take the parties' word for what transpired there.