In the Matter of GRAND JURY
PROCEEDINGS.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter Brian BERRY, Tina Barnett,
Defendants-Appellants.

No. 83–5403
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

S. Skip Taylor, Miami, Fla., for defendants-appellants.

Stanley Marcus, U.S. Atty., John M. Owens, Atty., U.S. Dept. of Justice/Miami Organized Crime Strike Force, Miami, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Peter Brian Berry and Tina Barnett appeal an order of the district court denying their motion for return of seized property. On August 30, 1982, FBI agents arrested Berry and John Mantesta on drug charges. Subsequent to the arrests, agents conducted a search of the residence shared by the appellants and seized various items including firearms and ammunition, drugs and drug paraphernalia, various documents, five 100-ounce silver bars, and $19,600.

Berry and Mantesta were charged in a complaint with conspiracy and possession with intent to distribute hashish and methaqualone, in violation of 21 U.S.C. §§ 841, 846. The government later dismissed the complaint but continued investigations into appellants' possible criminal activities. The government maintains that a grand jury is still conducting investigations into appellants' possible violations of federal drug statutes, including 21 U.S.C. §§ 841, 846, 848, and that the government is retaining the items seized as evidence of the offenses under investigation; the appellants do not dispute these contentions. The government also asserts that the money seized is potentially forfeitable as profits of a continuing criminal enterprise under 21 U.S.C. § 848. It adds that any delay in the investigation of appellants' criminal behavior resulted from appellants' own actions. For example, appellants filed motions for disclosure of electronic surveillance, and the government filed a motion to compel production of handwriting and handprinting exemplars after the appellants refused to provide the grand jury with exemplars.

Appellants filed a motion for return of the seized property in January, 1983. In the motion, and in a similar motion filed in November, 1982, the appellants argued that the search resulting in the seizure of the property was unlawful and improper because the search was not based on Ms. Barnett's consent, because it included an area of the residence over which Barnett had no access or control, and because the search was tainted by a previous illegal search of the vehicle in which Berry and Mantesta were arrested. Appellants stated in the motion that, although they were prepared to prove that the searches were unlawful, such a determination was unnecessary for the purposes of their motion because the district court has the jurisdiction and duty to return the seized items pursuant to its general supervisory power and independent of Fed.R.Cr.P. 41. The district court denied the motion.

On appeal, appellants argue that the continued detention of the items seized is a deprivation of their property without due process. The government counters that this court lacks jurisdiction under 28 U.S.C. § 1291 to entertain appellants' appeal in light of the ongoing grand jury investigation into their activities. We agree with the government and dismiss the appeal because the denial of appellants' motion is not a final order.

 Under *DiBella v. United States*, 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–661, (1962), the denial of appellants' motion is appealable "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." Thus, unless the motion is in no way tied to an ongoing criminal prosecution, an order denying the return of property is considered to be merely a step in the criminal case preliminary to the trial and is an interlocutory non-appealable order. *See id.* at 131, 82 S.Ct. at 660; *Meier v. Keller*, 521 F.2d 548, 556 (9th Cir.1975), *cert. denied*, 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976). The mere circumstance of a preindictment, rather than postindictment, motion does not make the order denying the motion final and appealable. *DiBella*, 369 U.S. at 131, 82 S.Ct. at 660; *United States v. Glassman*, 533 F.2d 262, 263 (5th Cir.1976). A pending criminal investigation, even in the absence of a formal charge, may be sufficient to show that the motion is tied to an existing criminal prosecution. *Glassman*, 533 F.2d at 263 & n. 3; *see also Simons v. United States*, 592 F.2d 251 (5th Cir.), *cert. denied*, 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 45 (1979).

 In this case, although the appellants' motion did not specifically seek to

suppress the items seized and did not purport to rely on Fed.R.Cr.P. 41(e), it is obvious from a reading of the motion that appellants are attacking the validity of the search and seizure under the fourth amendment. The motion goes to great length to detail the alleged unlawfulness of the search and seizure. It is thus clear that the motion is tied to the ongoing criminal investigation and to issues that may be litigated in any subsequent criminal proceedings arising out of the seizure. When, as here, the party moving for the return of the seized property is the subject of a grand jury inquiry, allowance of an appeal from the denial of a motion to return property would interfere with the grand jury proceedings, *see Standard Drywall, Inc. v. United States*, 668 F.2d 156, 158 (2d Cir.), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982), and would interfere with any criminal proceedings that may result, *see United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1301 (3d Cir.1978).

Because the appellants' motion for return of property is in some way tied to a criminal prosecution against them, the denial of appellants' motion is not a final order. Accordingly, the appeal is

DISMISSED.