In re GRAND JURY PROCEEDINGS.

Appeal of John DOE.

No. 87–8249
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 8, 1987.

this matter pursuant to 28 U.S.C. 46(c).

Anthony L. Cochran, Chilivis & Grindler, Atlanta, Ga., for appellant.

James E. Fagan, Jr., Asst. U.S. Atty., Atlanta, Ga., for appellee.

Before TJOFLAT, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order denying appellant's Fed.R.Crim.P. 41(e)[1] motion for return of property and his motion to quash a grand jury subpoena served on his attorney. Because we conclude that both of these dispositions are nonappealable interlocutory orders, we dismiss this appeal.

I.

On May 8, 1984, United States Internal Revenue Service (IRS) Special Agents executed a search warrant[2] upon the law office of Robert L. Schwind and David L. Hill, two Atlanta, Georgia attorneys. The search related to an ongoing investigation into their involvement in illegal offshore tax avoidance activities. Among the documents the agents seized were copies of various bank and corporate records contained in a file Schwind maintained for work he was performing for the appellant, John Doe. The documents, considered in the light of other information obtained by the agents, indicated that Doe, with the assistance of Schwind, may have fraudulently avoided federal income taxes by diverting funds offshore to a bank and to a corporation in the Cayman Islands.

In November 1984, six months after the IRS seized these documents, Doe amended his federal income tax returns for the years 1981, 1982, and 1983 to reflect additional taxes due on a previously unreported $41,755 short-term capital gain from a sale of real estate and on the earnings derived from the investment of a portion of the proceeds of the sale.[3] The IRS there-

---

1. Rule 41(e) provides in part:

    Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial.

2. The record is unclear whether the special agents executed the warrant on May 8 or 9, 1984. The date, however, is not relevant here. The agents also executed warrants upon safe deposit boxes Schwind and Hill maintained at several Atlanta banks. The items seized in these searches also are not relevant in this appeal.

3. Doe's accountant, who prepared the amended returns, attached the following explanation to the returns:

    The taxpayer [Doe] sought counsel from an attorney [Schwind] as to the possibility of deferring income tax on [the $41,755 gain]. The attorney advised the taxpayer that income tax could be deferred by depositing the income in a foreign bank account, and the taxpayer permitted the attorney to deposit the money in a foreign account.... Believing that the attorney's advice was correct ... no mention of the transaction or the foreign

after initiated an investigation to determine whether Doe's failure to report such gain and earnings in his original tax returns may have constituted tax evasion.

The IRS investigation eventually developed into a grand jury inquiry, in the Northern District of Georgia, concerning Doe's 1981, 1982, and 1983 tax returns, and Schwind was subpoenaed to testify. Doe promptly moved the district court to quash Schwind's subpoena on the ground that any questions the grand jury might ask Schwind about his dealings with Doe would necessarily and improperly invade their attorney-client relationship. Doe also moved the court pursuant to Fed.R.Crim.P. 41(e) to order the Government to deliver to him the documents relating to his business relationship with Schwind that the IRS agents had seized on May 8, 1984.[4] Doe contended that the agents' search warrant did not reach these documents; therefore, their seizure was unlawful.

The district court referred Doe's motions to a magistrate for an evidentiary hearing and recommended disposition. The magistrate conducted the hearing and recommended that Doe's Rule 41(e) motion be denied on the ground that he lacked standing to challenge the search. The magistrate also recommended that Doe's motion to quash Schwind's subpoena be denied. He concluded that none of the Schwind-Doe

communications the grand jury might seek to obtain from Schwind were privileged, because they had been made in the furtherance of a criminal scheme to help Doe evade federal income taxes. The district court adopted both of the magistrate's recommendations and accordingly denied Doe's motions.[5] This appeal followed.

## II.

We decline to review the district court's denial of appellant's Rule 41(e) motion because the ruling is nonappealable; it is not a "final decision" within the meaning of 28 U.S.C. § 1291 (1982). As we observed in *In re Grand Jury Proceedings (Berry)*, 730 F.2d 716 (11th Cir.1984), the denial of a Rule 41(e) motion brought by the target of a grand jury investigation is "merely a step in the criminal case preliminary to trial" and as such is a nonappealable interlocutory order. *Id.* at 717. We noted that if we were to review such a ruling, we would impermissibly "interfere with the grand jury proceedings and ... with any criminal proceedings that may result." *Id.* at 718 (citations omitted).[6]

We also decline to review the district court's denial of Doe's motion to quash Schwind's subpoena. What Doe asks us to do is to pass on a hypothetical case.[7] That is, he asks us to assume the

---

bank account was made in [Doe's] 1981 return.

. . . .

In 1984, the taxpayer began to become concerned about the advice he had received from the attorney, and he decided to cash in the foreign bank account in July 1984. . . .

Realizing that he was incorrectly advised by the attorney, the taxpayer asked me to prepare the enclosed amended returns to report the income. . . .

**4.** Several other clients of Schwind also filed Rule 41(e) motions, seeking to recover "client" files the IRS agents seized from Schwind's law office on May 8 or 9, 1984. *See supra,* note 2. The district court's disposition of these motions is not before us.

**5.** The district court stayed the enforcement of the subpoena directed at Schwind pending our resolution of this appeal. Consequently, Schwind has not yet appeared before the grand jury. The district court also "stayed" its ruling

which denied Doe's Rule 41(e) motion. This latter action did not, however, amount to a stay; rather, it merely placed the parties in the positions they occupied prior to the court's denial of Rule 41(e) relief, i.e., the Government was free to make use of the seized documents Doe sought to obtain.

**6.** Implicit in our holding is the notion that if Doe were not a target of the grand jury's investigation, we would review the district court's denial of his Rule 41(e) motion; otherwise, the denial, even if erroneous, would stand unreviewable. *See Di Bella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962).

**7.** Doe does not seek a blanket prohibition against the grand jury's acquisition of *any* testimony from Schwind. Rather, Doe merely seeks to prevent Schwind from disclosing matters protected by the attorney-client privilege.

following facts: (1) that Schwind appears before the grand jury as commanded by his subpoena; (2) that the grand jury seeks information protected by the attorney-client privilege, e.g., information that was not acquired by Schwind in the furtherance of a criminal scheme to help Doe avoid federal income taxes; (3) that notwithstanding Doe's instruction that he assert the attorney-client privilege, Schwind does not assert the privilege; and (4) that Schwind discloses the privileged information to the grand jury. Article III of the Constitution precludes us from passing on the merits of such a hypothetical case, *see Dixie Elec. Co-op. v. Citizens of Alabama,* 789 F.2d 852, 858 (11th Cir.1986) ("The case must consist of a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937))); *see also In re Klein,* 776 F.2d 628, 630, 633–34 (7th Cir.1985), and, accordingly, we refuse Doe's invitation to do so.

■ The courts of appeals have traditionally declined to review district court orders denying motions to quash grand jury subpoenas *ad testificandum.* Rather, they have deferred ruling on the merits of the movant's argument that the grand jury be barred from obtaining, for example, privileged information from the witness until after the witness has appeared before the grand jury and been sworn, the grand jury has attempted to elicit the information the movant sought to protect, the witness, asserting the movant's objection, has re-

fused to answer, and the trial court has ruled on the objection.[8] At that point, a concrete, well-defined controversy exists, which the court of appeals can resolve without the sort of speculation that appellant would have us indulge in this case and, moreover, without requiring the witness to disclose in advance the information the movant seeks to protect.[9]

For the foregoing reasons, this appeal is DISMISSED.

He requested the court to quash Schwind's subpoena as a prophylactic measure: if Schwind does not have to appear before the grand jury, the risk that he might disclose privileged information will be eliminated.

8. If the court overrules the movant's objection and orders the witness to testify or suffer a civil contempt sanction, e.g., the payment of a fine or incarceration until the witness decides to testify, and the witness nonetheless refuses to testify, the merits of the court's ruling on the movant's objection become ripe for appellate review.

9. There is nothing in the record before us to suggest that Schwind will not honor Doe's request that he assert the attorney-client privilege in response to questions that elicit information protected by the privilege. An attorney is required to assert the attorney-client privilege when the client requests him to do so and there is a reasonable basis to conclude that the disclosure of information would breach the privilege. *See* Model Rules of Professional Conduct Rule 1.6(a) (1983); *see also Republic Gear Co. v. Borg-Warner Corp.,* 381 F.2d 551, 556 (2d Cir.1967).