**Paul Sherwood FRASER,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 86–3710.

United States Court of Appeals,
Eleventh Circuit.

Dec. 21, 1987.

Manuel Socias, Bernard H. Dempsey, Jr., Dempsey & Goldsmith, Orlando, Fla., for petitioner-appellant.

Robert Merkle, Terry Flynn, Asst. U.S. Atty., Tampa, Fla., Mervyn Hamburg, Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. Section 3506(a) provides in relevant part:
   [A]ny national or resident of the United States who submits, or causes to be submitted, a pleading or other document to a court or

JOHNSON, Circuit Judge:

Paul Sherwood Fraser appeals from an order by the United States District Court for the Middle District of Florida requiring him to comply with 18 U.S.C.A. § 3506(a). We conclude that Fraser has appealed from a nonfinal order. Because we find no reason to permit Fraser's interlocutory appeal, we lack jurisdiction and thus must dismiss this appeal.

I.

Fraser, an attorney, had previously represented Larry Abraham. In connection with Abraham's arrest on April 18, 1986, Fraser's California home was searched. Police found documents linking Fraser to Swiss bank accounts. On April 21, the United States filed an official request with the Swiss government to obtain the Swiss bank records.

Bernard Dempsey, an attorney, was informed on May 3 that Fraser was a target of a grand jury investigation pending in Tampa. On May 26, Fraser, Dempsey, and government agents met in Tampa to discuss a preindictment plea agreement.

In July, the Swiss government informed the United States that an opposition had been filed against the release of the Swiss bank records. Until the opposition was resolved, the Swiss government would not release the records. The United States learned that Fraser had filed the opposition. Because Fraser had yet to serve the United States with a copy of his opposition as required by 18 U.S.C.A. § 3506(a),[1] the government, on September 4, filed a motion in the miscellaneous docket requesting that the district court issue an order directing that "FRASER or his representative" serve the Attorney General with a copy of the opposition within five days. The government mailed a copy of the motion to Dempsey on September 4. The next day, the

other authority in a foreign country in opposition to an official request for evidence of an offense shall serve such pleading or other document on the Attorney General at the time such pleading or other document is submitted.

district court granted the government's motion and issued the government's requested order, filing the order in the miscellaneous docket.

On September 22, Fraser filed a motion to vacate. The district court denied the motion on October 6. Fraser filed a notice of appeal on October 16.[2]

## II.

A colloquy during oral argument best demonstrates that before this Court can address the merits of Fraser's procedural due process and other claims, this Court must have jurisdiction:

JUDGE HOFFMAN: There is no way in the world you could say that Fraser and Mr. Dempsey had due process under this arrangement of presenting it on the morning of September the fifth and her [Judge Kovachevich] stamping it granted?

MR. HAMBURG: I wish she didn't—she wouldn't have. I agree. I have no—I have no quarrel with that. It would have been the better practice for Judge Kovachevich to delay this until hearing from the other parties. I agree.[3]

JUDGE JOHNSON: Mr. Hamburg, if I understand the government's position, you're asking that this appeal be dismissed because it's from a nonfinal order—

MR. HAMBURG: That's correct, Judge Johnson.

JUDGE JOHNSON: And that the case be remanded to the district court for further proceedings.

MR. HAMBURG: That's correct.

We conclude that Fraser must risk litigating his objections in contempt proceedings. Because a contempt citation has yet to issue, Fraser's appeal is premature. Consequently, we lack jurisdiction to determine whether Fraser's procedural due process rights were violated when the district court issued the order one day after the government had requested it and before Fraser had an opportunity to oppose it. Nor may we consider the merits of Fraser's other objections.

### A.  *Criminal Case or Civil Case?*

Initially, we must determine whether this case should be characterized as a civil or criminal proceeding. Fraser argues that Section 3506(a) does not establish an offense and carries no criminal penalty, but merely creates a civil duty to serve the Attorney General with copies of certain documents filed in foreign countries. The government argues that Section 3506(a)'s language and legislative history demonstrate that the order is part of a criminal case.

■ This is a question of first impression in the federal courts. We hold that the statute's language, position in the United States Code, and legislative history indicate that an order pursuant to Section 3506(a) is akin to a grant of a motion to compel discovery in a criminal proceeding.

Congress passed Section 3506(a) as part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, tit. II, § 1217(a), 98 Stat. 1837, 2165–66. Section 3506(a) was designed to assist government investigation and prosecution of criminal offenses when the government has requested foreign records:

It is not unknown ... for a defendant to seek to block compliance with the request for the records by initiating, without notice to the United States, an action in the courts or another official forum of the other country. In such a circumstance, the United States prosecutor may be unable to respond to the foreign action in a timely manner, forced to delay seeking an indictment, or compelled to seek a continuance in a pending criminal case.

**2.** This Court, *sua sponte,* raised and then carried with this case a jurisdictional question concerning the timeliness of Fraser's notice of appeal. We express no opinion regarding this issue because we conclude that Fraser's appeal is premature.

**3.** Later in the course of his argument Hamburg retracted his apparent concession that Fraser's procedural due process rights had been violated.

H.R.Rep. No. 907, 98th Cong., 2d Sess. 2, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3578–79.

> New section 3506 requires that United States prosecutors be notified of certain steps taken in another country to oppose an official request made by the United States for evidence located in that country. Subsection (a) requires such notification when the steps are taken in response to an official request made during the investigation of an offense....

*Id.* at 6, *reprinted in* 1984 U.S.C.C.A.N. at 3582.[4]

In addition, Section 3506(a) was placed in title 18 (Crimes and Criminal Procedure), part II (Criminal Procedure), chapter 223 (Witnesses and Evidence) of the United States Code. From this placement and Section 3506(a)'s legislative history, we discern that Congress intended Section 3506(a) to function as an evidence-gathering, discovery device in a *criminal* case. As such, a motion for an order compelling compliance with Section 3506(a) is akin to a motion for an order compelling compliance with a discovery request. *See* Fed.R. Crim.P. 16(d)(2).

The present posture of this case (i.e., preindictment) does not require that we characterize the district court's order as part of a civil proceeding. Indeed, this Court has recognized that "[a] pending criminal investigation, even in the absence of a formal charge, may be sufficient to show that the motion is tied to an existing criminal prosecution." *In re Grand Jury Proceedings (Berry)*, 730 F.2d 716 (11th Cir.1984) (per curiam). Here, Fraser is the subject of a grand jury investigation and Congress specifically passed Section 3506(a) so prosecutors need not delay seeking indictments.

**4.** In addition, Congress provided that an official request for evidence located in a foreign country tolls the statute of limitations for the offense under grand jury investigation. *See* 18 U.S.C.A. § 3292. Congress also sought to eliminate delays preventing prosecution from starting within the time specified by the Speedy Trial Act. *See* 18 U.S.C.A. § 3161(h)(9).

### B. *Finality*

For this Court to have jurisdiction of Fraser's appeal, the decision being challenged must constitute a "final judgment" within the meaning of 28 U.S.C.A. § 1291, which provides that courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts."

■ We hold that Fraser seeks review of an interlocutory nonappealable order. "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" *Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937)). Two analogies support our conclusion. First, orders compelling discovery pursuant to Fed.R.Crim.P. 16 are interlocutory and not appealable; a defendant may seek review of adverse orders after conviction. 2 C. Wright, Federal Practice and Procedure § 261, at 126 (2d ed. 1982). Second, orders denying return of seized property are nonappealable when the property is tied to a pending criminal investigation. *Grand Jury Proceedings*, 730 F.2d at 717 (citations omitted), provides a guiding analogy for the present case:

> [U]nless the motion is in no way tied to an ongoing criminal prosecution, an order denying the return of property is considered to be merely a step in the criminal case preliminary to the trial and is an interlocutory non-appealable order. The mere circumstance of a preindictment, rather than postindictment, motion does not make the order denying the motion final and appealable. A pending criminal investigation, even in the absence of a formal charge, may be sufficient to show that the motion is tied to an existing criminal prosecution.[5]

Likewise, the district court's order at issue here is "merely a step in the criminal

**5.** *See In re Grand Jury Proceedings*, 831 F.2d 222, 224 (11th Cir.1987); *see also Cobbledick v. United States*, 309 U.S. 323 (1940) (order denying motion to quash grand jury's subpoena duces tecum is not a "final decision").

case." The legislative history also indicates that Congress did not intend for interlocutory appeal, because Section 3506(a) was designed to facilitate the return of indictments. Consequently, Fraser's recourse is to disobey the order and challenge the order once the district court finds him in contempt. *See Ullmann v. United States,* 350 U.S. 422, 425, 76 U.S. 497, 499, 100 L.Ed. 511 (1956).

We also reject Fraser's argument that the district court's order falls within the narrow confines of the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "The *Cohen* doctrine allows appeals to be taken from orders that (1) finally determine claims entirely collateral to and separable from the substance of other claims in the action, (2) require review because they present significant, unsettled questions, and (3) cannot be reviewed effectively once the case is finally decided." *Huie v. Bowen,* 788 F.2d 698, 701 (11th Cir.1986). The order at issue here does not resolve an issue completely separate from the merits because the opposition and bank records are directly tied to the grand jury's investigation of Fraser. *See Parr,* 351 U.S. at 519, 76 S.Ct. at 916. In addition, effective appellate review is available once the criminal prosecution, if any, has concluded.[6] *See id.* at 519–20, 76 S.Ct. at 916.

Accordingly, APPEAL DISMISSED.

---

6. Fraser's argument is unavailing that the order is immediately appealable because the order compels his attorney to turn over the opposition. *See, e.g., In re Grand Jury Proceedings (Twist),* 689 F.2d 1351, 1352 n. 1 (11th Cir.1982) (per curiam). Cases such as *Twist* avoid the contempt requirement because they are directed *solely* to the attorney. Here, the order is directed to "Fraser and his representative" and consequently requires a contempt citation before being appealable.